

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Acting Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Marina Moraru**<br>*Special Assistant Corporation Counsel*<br>Office: 212) 356-2456 |

July 2, 2024

> Application denied.
> The Clerk of Court is directed to terminate the motion at Dkt. 11.
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: July 3, 2024

<u>VIA ECF</u>
Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

    Re: *S.G. v. N.Y.C. Dep't of Educ.*, 24-cv-2360 (AS)(GS)

Dear Judge Subramanian:

  I am a Special Assistant Corporation Counsel in the Office of Acting Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs, and expenses for legal work on administrative proceedings under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), as well as for this action.

  I write to respectfully request that the Court adjourn the initial pretrial conference ("IPTC") scheduled for July 10, 2024, *sine die*, as well as the joint submissions due July 4, 2024. Plaintiff does not consent to this request. Plaintiff has offered as a basis for withholding consent that "Plaintiffs want to proceed with the scheduled conference before his Honor so we can determine if the Court can assist the parties with resolving the matter without motion practice." But Plaintiff's counsel routinely consents to requests to adjourn IPTCs *sine die*. *See*, e.g., *J.A.*, 23-8547 (VEC)(RFT) (ECF 13); *M.L.*, 23-9993 (VEC) (ECF 13); *D.P.*, 23-cv-11039 (CM) (ECF 11). Thus, we find their refusal to consent in this case peculiar and without explanation.

  A conference in this case would not be fruitful because on July 1, 2024, Defendant served Plaintiff with a final written offer of settlement pursuant to 20 U.S.C. §1415(i)(3)(D) ("Offer").[1]

---

[1] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys 'fees and related costs for certain services.
(i)In general. Attorneys 'fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
  (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
  (II) the offer is not accepted within 10 days; and

As of that Offer, Defendant has fully valued this case, and is confident that if the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond that date.

Guided by recent fees decisions and recommendations from the S.D.N.Y.,[2] Defendant has determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides.  In short, should Plaintiff's counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offers will be lost.

I have conferred with Plaintiff's counsel and we have agreed on the proposed briefing schedule below, in the event Plaintiff does not accept the Offer:

    Plaintiff's motion due September 13, 2024.
    Defendants' opposition due October 14, 2024.
    Reply due November 5, 2024.

Accordingly, Defendant respectfully requests that the Court adjourn the conference scheduled for July 10, *sine die*, as well as the joint submissions due July 4.

---

(III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

[2] *See  e.g., S.B. v. DOE,* 23-cv-3961 (PAE) (DOE offered $20,500.00, Judge Engelmayer "fee capped" at **$19,454.38**); *S.C.,* 23-cv-1266 (LGS)(JLC) (R&R, Plaintiff's Objections pending: DOE offered $35,000.00, Magistrate Judge Cott "fee capped" at **$34,397.99**); *S.H.W.,* 21-cv-7003 (PGG)(OTW) (DOE offered $13,500.00, Judge Gardephe "fee capped" at **$12,128.00**); *F.N.,* 21-cv-11177 (MKV) (DOE offered $25,000.00, Judge Vyskocil "fee capped" at **$18,885.45**); *T.P.,* 22-cv-9413 (PAE) (DOE offered $23,000.00, Judge Engelmayer "fee capped" at **$20,310.53**); *J.G.,* 23-cv-959 (PAE) (DOE offered $54,300.00, Judge Engelmayer "fee capped" at **$53,050.13**)*; M.B.,* 22-cv-6405 (JPC)(SN) (DOE offered $23,000.00, Judge Cronan "fee capped" at **$19,174.40**); *Y.S.,* 21-cv-5878 (JPC) (DOE offered $32,100.00, Judge Cronan "fee capped" at **$25,223.73**); *H.W.,* 21-cv-8604 (JLR) (DOE offered $27,434.00; Judge Rochon "fee capped" at **$21,386.29**); *F.R.,* 22-cv-1776 (VEC)(GWG) (DOE offered $40,750.00 ; Judge Caproni "fee capped" at **$39,760.37**); *E.W.*, 21-cv-11208 (VEC)(GWG) (DOE offered $38,000.01; Judge Caproni "fee capped" the award at **$37,661.08**); *M.Z.,* 21-cv-9451 (AT) (DOE offered $16,000.00; Judge Torres "fee capped" the award at **$15,819.86**); *N.A.,* 21-cv-2643(PGG) (DOE offered $29,720.00; Judge Gardephe "fee capped" the award at **$26,500.05**); *M.R.*, 21-cv-5503 (VEC) (DOE offered $28,000.00; Judge Caproni "fee capped" the award at **$25,840.94**); *V.W.*, 21-cv-6495 (PGG)(KHP) (DOE offered $27,500.00; Judge Gardephe "fee capped" the award at **$27,340.47**); *K.E.*, 21-cv-2815 (KPF) (DOE offered $67,500.00; Judge Failla "fee capped" the award at **$63,083.27**); *T.A.*, 21-cv-7104 (GHW) (DOE offered **$20,256.90**; Judge Woods "fee capped" the award at **$19,079.50**); *R.P.*, 21-cv-4054 (JMF) (DOE offered $19,192.50; Judge Furman "fee capped" the award at **$18,007.02**); *F.N.*, 21-cv-3379 (JPO) (DOE offered $21,022.50; Judge Oetken "fee capped" the award at **$19,927.00**); *H.C.,* 20-cv-844 (JLC) (DOE offered $40,000.01; Judge Cott "fee capped" the award at **$38,951.31**).  In each of the foregoing cases, plaintiffs were precluded from recovery fees for <u>all</u> work performed after the date of DOE's written offers.

Thank you for considering these requests.

           Respectfully submitted,
           */s/ Marina Moraru*
           Marina Moraru, Esq.
           Special Assistant Corporation Counsel

cc: Irina Roller (via ECF)